UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>     Plaintiff,<br><br>v.<br><br>PROJECT 90, et al.,<br><br>     Defendants. | Case No. 24-cv-06492-JSC<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a California prisoner proceeding without an attorney, filed this civil action against several state and federal officials and agencies. On April 28, 2025, mail was returned to the court as undeliverable at the address Plaintiff provided in his initial filing in this case. (ECF Nos. 1-1, 8.) The Court therefore ordered Plaintiff as follows:

> No later than July 1, 2025, Plaintiff shall: (1) provide a current valid mailing address and any identification number necessary for him to receive mail; and (2) show cause why this case should not be dismissed under Civil Local Rule 3-11(b). Also no later than July 1, 2025, Plaintiff shall pay the filing fee or show cause why leave to proceed in forma pauperis should be granted, as provided in the Court's previous order (ECF No. 7). **The failure to do so may result in the dismissal of this case under Civil Local Rule 3-11(b) or 41(a).**

(ECF No. 9 at 2 (emphasis in original).) The order to show cause was mailed to both the address Plaintiff provided in his initial filing, as well as to the Yolo County Jail because that was the return address on Plaintiff's last filing in this case on February 26, 2025. (*See* ECF Nos. 1-1, 9.) The order was returned by the postal service as undeliverable on June 24, 2025. (ECF No. 25.) Plaintiff has still not provided the Court with his current address or otherwise communicated with the Court.

Pursuant to Northern District Civil Local Rule 3-11:

       (a) **Duty to Notify.** An attorney or a party proceeding pro se whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address.

       (b) **Dismissal Due to Failure.** The Court may, without prejudice, dismiss a complaint or strike an answer when:

            (1) Mail directed to the attorney or pro se party by the Court has been returned to the Court as not deliverable; and

            (2) The Court fails to receive within 60 days of this return a written communication from the attorney or pro se party indicating a current address.

Civ. L.R. 3-11; *see also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal of pro se prisoner's complaint for failing to notify court of his change of address).

      Plaintiff has not provided his current address for mailing as required by Civil Local Rule 3-11(a). Plaintiff has been given the opportunity and time to explain and correct this failure, but he has failed to do so. It has been more than 60 days since Plaintiff's mail was first returned as undeliverable due to his address being incorrect, which provides grounds for dismissal under Civil Local Rule 3-11(b).

      Accordingly, pursuant to Civil Local Rule 3-11(b), this case is DISMISSED without prejudice to refiling in a new case in which Plaintiff provides and maintains his correct address.

      The Clerk shall enter judgment and close the file.

      **IT IS SO ORDERED.**

Dated: July 16, 2025

                                                  JACQUELINE SCOTT CORLEY
                                                  United States District Judge